# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0715V
UNPUBLISHED

| | |
|---|---|
| ANNE M. SCHUBERT on behalf of R.S., a minor child,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: November 19, 2019<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Human Papillomavirus (HPV) Vaccine; Vasovagal Syncope |

*Diana Lynn Stadelnikas*, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.

*Ronalda Elnetta Kosh*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

  On May 15, 2019, Anne M. Schubert, on behalf of R.S., a minor child, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that R.S. suffered a vasovagal syncope upon receiving the human papillomavirus ("HPV") vaccine on September 12, 2016, resulting in hearing loss from a temporal skull fracture.  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 19, 2019, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, Respondent states that "petitioner[] ha[s] satisfied the criteria set forth in the  Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI"), which afford petitioners a presumption of causation because the onset of R.S.'s vasovagal syncope occurred within one hour after the HPV vaccination and there is not alternative cause. *Id.* at 3-4.  Respondent further agrees that R.S. experienced more than six months of residual effects of his vasovagal syncope. *Id.* at 4.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master