# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 19-0715V
UNPUBLISHED

| | |
|---|---|
| RILEY SCHUBERT,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: December 23, 2021<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Human Papillomavirus (HPV) Vaccine; Vasovagal Syncope |

*Diana Lynn Stadelnikas*, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.

*Ronalda Elnetta Kosh*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON JOINT STIPULATION[1]

On May 15, 2019, Riley Schubert[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleges that he suffered injuries, including vasovagal syncope resulting in hearing loss from a temporal skull fracture, as a result of a human papillomavirus ("HPV") vaccine he received on September 12, 2016. Petition at 1-4; Stipulation, filed at December 21, 2021, ¶¶ 1-4. Petitioner further alleges that his injury lasted for more than six months. Petition at 3; Stipulation at ¶4. On November 19, 2019, Respondent filed his report pursuant to Vaccine Rule 4(c) conceding that Petitioner is entitled to compensation. ECF No. 19. On the same day, November 19, 2019, I entered a Ruling on Entitlement finding that Petitioner is entitled to compensation. ECF No. 20.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The petition was originally filed by Anne Schubert on behalf of Riley Schubert, as Riley Schubert was a minor at the time the petition was filed.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 21, 2021, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

a. **A lump sum of $<u>138,971.29</u> (for pain and suffering and future medical expenses) in the form of a check payable <u>to Petitioner</u>.** Stipulation at ¶ 8a.

b. **A lump sum of $<u>37,039.28</u> (for past unreimbursable expenses) in the form of a check payable <u>jointly to petitioner and his mother, Anne Marie Schubert</u>**. Stipulation at ¶ 8b.

These amounts represent compensation for all items of damages that would be available under Section 15(a). *Id.*

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RILEY SCHUBERT, ) <br> ) <br> ) <br> ) <br> Petitioner, ) <br> ) No. 19-715V <br> v. ) Chief Special Master Corcoran <br> ) ECF <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | |

### STIPULATION

The parties hereby stipulate to the following matters:

1. A petition for vaccine compensation was filed[1] under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"), seeking compensation for injuries allegedly related to petitioner's receipt of a human papillomavirus ("HPV") vaccine, which is a vaccine contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the HPV vaccine on September 12, 2016.

3. The vaccination was administered within the United States.

4. Petitioner suffered a vasovagal syncope within the time period set forth in the Table following receipt of the HPV vaccine, resulting in hearing loss from a temporal skull fracture, and experienced the residual effects of his injury for more than six months.

---

[1] The petition was filed by Anne Schubert, Riley's mother. On December 1, 2021, the Court granted petitioner's November 29, 2021 Motion to Amend the Caption substituting Riley Schubert as the petitioner in this case.

1

5. There is not a preponderance of evidence demonstrating that petitioner's injury is due to a factor unrelated to vaccination.

6. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

7. Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Act for his vasovagal syncope Table injury. Therefore, a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

   a. A lump sum of $138,971.29 for pain and suffering and future medical expenses, in the form of a check payable to petitioner; and

   b. A lump sum of $37,039.28 for past unreimbursable expenses in the form of a check payable jointly to petitioner and his mother, Anne Marie Schubert.

These amounts represent compensation for all damages that are available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

2

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of

petitioner resulting from, or alleged to have resulted from, the HPV vaccination administered on September 12, 2016, as alleged in a petition for vaccine compensation filed on or about May 15, 2019, in the United States Court of Federal Claims as petition No. 19-715V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

PETITIONER:

*/s/ Riley Schubert*
RILEY SCHUBERT

ATTORNEY OF RECORD FOR PETITIONER:

*/s/ Diana L. Stadelnikas (for)*
DIANA L. STADELNIKAS
Maglio Christopher & Toale, PA
1605 Main Street, Suite 710
Sarasota, Florida 34236
dstadelnikas@mctlawyers.com

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*Dale Mishler, DHSc, APRN, for*
TAMARA OVERBY
Acting Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*Ronalda E. Kosh*
*by Heather L. Pearlman*
RONALDA E. KOSH
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
ronalda.kosh@usdoj.gov
(202) 616-4476

Dated: 12/21/2021

5